# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 30, 2013

Lyle W. Cayce
Clerk

No. 13-50036
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOLORES RUIZ-GALLEGOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2235-1

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dolores Ruiz-Gallegos appeals the 60-month within-guidelines sentence imposed by the district court following his guilty plea conviction for unlawful reentry into the United States. He argues that the 60-month sentence was substantively unreasonable and greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He asserts that the presumption of reasonableness should not apply because the applicable guidelines provision for illegal reentry offenses, U.S.S.G. § 2L1.2, is not empirically based, double counts his criminal history,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and overstates the seriousness of the offense which is essentially a trespass. He also contends that the district court failed to account adequately for his horrific personal history and the circumstances of the offense.

Ordinarily, we review the substantive reasonableness of a sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Ruiz-Gallegos raised arguments in the district court for a lesser sentence based on his personal history and circumstances, he did not object to the substantive reasonableness of the sentence in the district court, and he did not raise all the specific arguments that he raises in this court. The failure to object to the substantive reasonableness of the sentence generally results in plain error review. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). However, even under the ordinary standard, Ruiz-Gallegos's arguments fail.

The 60-month within-guidelines sentence imposed by the district court was presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Ruiz-Gallegos concedes that his arguments that the presumption is inapplicable and that § 2L1.2 results in the double-counting of a conviction are foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). This court has consistently rejected arguments that § 2L1.2 results in an excessive sentence because it is not empirically based and because it double counts prior convictions. *See Duarte*, 569 F.3d at 529-30; *Mondragon-Santiago*, 564 F.3d at 366-67. It has also consistently rejected the argument that illegal reentry is merely a trespass offense. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The record shows that the district court considered and rejected Ruiz-Gallegos's arguments for a lesser sentence based on his personal history and the circumstances of the offense. The district court stated that Ruiz-Gallegos had been coming to the United States for about 32 to

33 years and that the court thought that he was going to try to return to the United States. The district court was in a superior position to find facts and judge their import under § 3553(a). *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Ruiz-Gallegos's mere disagreement with the district court's weighing of the § 3553(a) factors is not enough to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.